UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARK A. LARKIN ] | |
|     Plaintiff, ] | |
| ] | No. 3:14-cv-0129 |
| v. ] | (No. 3:13-mc-0178) |
| ] | Judge Campbell |
| CRIMINAL COURT CLERK, et al. ] | |
|     Defendants. ] | |

**O R D E R**

The Court has before it a *pro se* prisoner complaint (Docket Entry No. 1) and an application to proceed in forma pauperis (Docket Entry No. 5).

It appears from the application that the plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

The plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust

1

account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

According to the complaint, the plaintiff prepared some *pro se* motions and mailed them to the Clerk for the Criminal Court of Davidson County. The complaint continues

> 3) The Plaintiff has placed calls, sent concerned Americans, Friends, to the Office of Clerk of Criminal Division at the AA Birch Building, 408 2nd Ave. North, 2nd Floor, to check on the filing of the Pro Se motions and applications for indigency court appointed attorney for post conviction relief.
>
> 4) The plaintiff in closing, moves this honorable court to review this matter of Due Process being today denied and prays upon this honorable court for relief in the form of a fine being levied against the defendants and allow the plaintiff to proceed Pro Se, as is his right.

Docket Entry No. 1 at pg. 1.

*Pro se* pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, liberal construction does not require the Court to create a claim which the plaintiff has not spelled out in his complaint. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A plaintiff is required to plead more than bare legal conclusions. Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. Wells, *supra*. The plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

In this case, the plaintiff states that he has been denied due process. He has neglected, however, to allege in what way he was denied due process and who specifically had a hand in the alleged violation. Consequently, the plaintiff has failed to state a claim upon which relief can be granted. This action, therefore, is hereby DISMISSED. 28 U.S.C. § 1915(e)(2).

An appeal of the judgment rendered herein would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 445-446 (1962). Therefore, the plaintiff is NOT certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505.00) or submit a new application to proceed in forma pauperis along with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997).

The Clerk is directed to send a copy of this order to the Warden of the Metro Davidson County Detention Facility to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

It is so ORDERED.

                                                     *Todd Campbell*
                                                     Todd Campbell
                                                    United States District Judge

4